IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIDEL MACIAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALL-WAYS, INC. and ANTHONY DE | ) |
| MATTEO, individually | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Fidel Macias, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against All-Ways, Inc. and Anthony De Matteo, individually (herein "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

### THE PARTIES

4. Plaintiff Fidel Macias resides and is domiciled in this judicial district.

5. Plaintiff Fidel Macias is a former employee of Defendants; he performed landscaping work and also drove Defendants' trucks.

6. During the course of his employment, Plaintiff Fidel Macias handled goods that moved in interstate commerce and performed non-exempt work.

7. Defendant All-Ways, Inc. does business within this judicial district. Defendant All-Ways, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8. Defendant All-Ways, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

9. Defendant Anthony De Matteo is the President of All-Ways, Inc. and is involved in the day-to-day business operations. Among other things, Defendant Anthony De Matteo has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

10. Defendant Anthony De Matteo was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

11. Defendants operate a landscaping company.

12. Plaintiff Fidel Macias began his employment with Defendants in 2006 and was separated from his employment on December 2, 2016.

13. Plaintiff Fidel Macias often worked more than 50 hours per week, but was paid a salary and was not paid time and a half for all hours over 40 in workweek he worked for the Defendants.

14. Plaintiff was paid $592 per week even in weeks he worked more than 40 hours.

15. Despite being paid a salary Defendants required Plaintiff Fidel Macias to punch a time card before and after every shift.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

16. Plaintiff hereby realleges and incorporates paragraphs 1 through 15 of this Complaint, as if fully set forth herein.

17. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for Defendants' failure to pay overtime wages to Plaintiff.

18. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

19. Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

21. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

22. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

23. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time they worked in excess of 40 hours in individual workweeks.

24. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

25. Plaintiff hereby realleges and incorporates paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

27. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

28. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

29. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

30. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

31. Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

32. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

33. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time which Plaintiff worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: December 27, 2016                **FIDEL MACIAS**

By: _s/Carlos G. Becerra
One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
PERLA M. GONZALEZ (ARDC # 6310896)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com
E-mail: pgonzalez@law-rb.com