# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FIDEL MACIAS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 16-cv-6446 |
| v. ) | |
| ) | Hon. Amy J. St. Eve |
| ALL-WAYS, INC., and ) | |
| ANTHONY DE MATTEO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On December 27, 2016, Plaintiff Fidel Macias ("Macias") filed a Complaint against Defendants All-Ways, Inc. ("All-Ways") and Anthony De Matteo ("De Matteo"), collectively "Defendants," seeking relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"). (R. 1, Compl.) Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the following reasons, the Court grants Defendants' motion without prejudice.

## BACKGROUND

Defendant De Matteo is the President of All-Ways, a landscaping company doing business in the Northern District of Illinois, that Plaintiff alleges is "an enterprise engaged in commerce or in the production of goods for commerce." (Compl. ¶¶ 7-9.) Plaintiff is an Illinois resident who performed landscaping work and drove trucks as Defendants' employee from 2006 until December 2, 2016. (*Id.* ¶¶ 4-5, 12.) Plaintiff alleges that De Matteo is involved in the day-to-day business operations of All-Ways and has the authority to hire and fire employees, to direct

and supervise employees' work, to sign off on payroll and checking accounts, and to participate in employee compensation decisions. (*Id.* ¶ 9.) Accordingly, Plaintiff claims that both De Matteo and All-Ways were his "employer" as defined by the FLSA. (*Id.* ¶¶ 8-10.) Plaintiff alleges that he often worked more than 50 hours per week, but Defendant paid him a set salary of $592 per week and did not pay him for the hours he worked beyond 40 hours per week. (*Id.* ¶¶ 13-14.) Plaintiff claims that, although he was paid a set salary, Defendants still required him to punch a time card before and after every shift. (*Id.* ¶ 15.)

According to Plaintiff, in the course of his employment, he "handled goods that moved in interstate commerce and performed non-exempt work." (*Id.* ¶ 6.) Plaintiff alleges that he was not exempt from the overtime wage provisions of the FLSA, but he was directed by Defendants to work, and often did work, in excess of 40 hours per week. (*Id.* ¶¶ 20-21.) Plaintiff claims that Defendants' practice of not paying him overtime wages violated the FLSA and the IMWL. (*Id.* ¶¶ 24, 32.)

## **LEGAL STANDARD**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint itself. *Bell v. City of Country Club Hills*, 841 F.3d 713, 716 (7th Cir. 2016). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).  In determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor."  *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).  In reviewing the complaint, however, courts need "not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Alain v. Miller Brewing Co.,* 709 F.3d 662, 665–66 (7th Cir. 2013) (citations and quotations omitted).

## ANALYSIS

The FLSA imposes minimum and hourly overtime wage requirements for employees who are "engaged in commerce[1] or in the production of goods for commerce" (individual-based coverage) or who are "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise-based coverage).  29 U.S.C. §§ 206(a), 207(a)(1).  Here, Defendants argue that the Court must dismiss Plaintiff's Complaint because Plaintiff has failed to sufficiently allege either individual or enterprise coverage under the FLSA.  The Court addresses each argument in turn.

### I. Individual Coverage

Individual coverage under the FLSA applies when the employee's work "is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity."  *Martinez v. Manolos Tamales, Inc.*, No. 14 C 9686, 2015 WL 5144024, at *1–2 (N.D. Ill. Aug. 31, 2015) (quoting *Mitchell v. C.W. Vollmer & Co.,* 349 U.S. 427, 429 (1955)).  Plaintiff's Complaint contains a

---

[1] "Commerce" under the FLSA, "means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."  29 U.S.C. § 203(b).  In other words, "commerce" refers to interstate commerce.

one-sentence allegation that he "handled goods that moved in interstate commerce" during the course of his employment at All-Ways, a landscaping company.

Several courts have held that similarly conclusory allegations are insufficient to support individual coverage under the FLSA. In *Rivas v. Marcelo Hand Car Wash Inc.*, No. 10 C 1396, 2010 WL 4386858, at *1 (N.D. Ill. Oct. 28, 2010), for example, the plaintiff alleged that his work cleaning cars at a car wash caused him to handle goods and engage in interstate commerce because the car wash used the internet to market its services and because the vehicles he washed may have moved through interstate commerce. The court rejected the plaintiff's theory of individual FLSA coverage reasoning that the plaintiff himself did not engage in any internet marketing activities and explaining that the plaintiff's "local handling of vehicles [was] simply too far removed from interstate commerce" to bring him within the scope of the FLSA. *Id.* at *2. *See also Martinez*, 2015 WL 5144024, at *2 (finding plaintiff's work cooking and cleaning at restaurants insufficient to raise inference that she produced goods for or engaged in interstate commerce); *Urrutia v. Buena Vista Rest. & Bar*, No. 14 C 01356, 2014 WL 7403463, at *2 (N.D. Ill. Dec. 29, 2014) (finding restaurant worker's individual coverage allegations "conclusory in nature"); *Jacoby v. Schimka Auto Wreckers, Inc.*, No. 10 C 1452, 2010 WL 3171515, at *4 (N.D. Ill. Aug. 11, 2010) (finding that tow truck company employee's work was "isolated local activity" that tangentially used tools that may have traveled in interstate commerce and thus did not qualify for individual coverage).

Here, like in *Rivas* and the other cited cases, Plaintiff's allegations relate to work that plaintiff performed locally and that was far removed from interstate commerce. Plaintiff's threadbare recital of the FLSA standard for individual coverage is insufficient to support the plausible inference that Plaintiff's work was "directly and vitally related" to interstate commerce.

4

Accordingly, Plaintiff has failed to plead that he qualifies for individual coverage under the FLSA. The Court, therefore, dismisses this aspect of his FLSA claim without prejudice.

## II.     Enterprise Coverage

An employer is an "enterprise" covered by the FLSA if it "has employees engaged in commerce or in the production of goods for commerce, or [ ] has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i), (ii). With respect to enterprise coverage, Plaintiff's Complaint contains a one-sentence allegation that All-Ways "is an enterprise engaged in commerce or in the production of goods for commerce within the meaning" of the FLSA.

As an initial matter, Plaintiff's enterprise coverage allegations fail because Plaintiff has not alleged that Defendants had at least $500,000 in annual gross sales or business. Indeed, Plaintiff's complaint does not contain any allegations about the amount of All-Ways' sales or the scope of its business, and thus, "the Court cannot accept as true [Plaintiff's] conclusory allegation that [All-Way] is a qualifying enterprise for FLSA purposes." *Urrutia*, 2014 WL 7403463, at *3 (dismissing complaint for failure to allege restaurant met gross sales requirement such that it would be qualifying enterprise under FLSA); *Jacoby*, 2010 WL 3171515, at *2–3 (granting summary judgment for defendant because plaintiff failed to show defendant's gross sales reached $500,000).

In addition to failing to allege the sales threshold, Plaintiff's allegations also fail because Plaintiff's conclusory, one-sentence allegation that Defendants "engaged in commerce or in the production of goods for commerce" is devoid of any of the detail, specific or broad, that would lead to an inference that Defendants engage in interstate commerce. While Plaintiff is not required to provide detailed factual allegations regarding enterprise coverage, he must allege

5

more than a conclusory allegation of enterprise coverage that lacks any facts about the nature of Defendants' work or how it might be connected to interstate commerce. In *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377–78 (S.D. Fla. 2012), for example, the court dismissed the plaintiff's FLSA claim because he failed to sufficiently allege enterprise coverage. The court explained that the plaintiff "provide[d] no factual allegations about the nature of [the plaintiff's] work or the nature of [the defendant's] business" and made no allegations tying the defendant's business to interstate commerce. *Id. See also Hughes v. Scarlett's G.P., Inc.*, No. 15-CV-5546, 2016 WL 454348, at *3 (N.D. Ill. Feb. 5, 2016) (dismissing complaint in part because plaintiffs "offer[ed] no specific details of interstate commerce"); *Topp v. Lone Tree Athletic Club, Inc.*, No. 13-CV-01645-WYD-KLM, 2014 WL 3509201, at *7 (D. Colo. July 15, 2014) (dismissing complaint because it "provide[d] no factual allegations about the nature of [d]efendant's business" or whether such business was tied to interstate commerce). Plaintiff has simply alleged no facts about his work for Defendants, the nature of Defendants' business, or how that business is tied to interstate commerce.

Accordingly, Plaintiff has failed to adequately plead both individual and enterprise FLSA coverage, and the Court dismisses his FLSA claims without prejudice. Because the Court grants Defendants' motion to dismiss Plaintiff's FLSA claim, the Court does not have subject matter jurisdiction, and thus declines to exercise its supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3).

## **CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motion to dismiss without prejudice. Plaintiff shall have until June 16, 2017 to file an Amended Complaint.

**Dated:** May 25, 2017

_____
AMY J. ST. EVE
United States District Court Judge